GRISBAUM, Judge,
concurring.
I concur in the result reached in the majority opinion. However, I would not agree the photographic and movie evidence was particularly damaging to appellant. Mr. Nolen did not deny operating his stump grinder but stated he experienced severe pain in his back which would set in gradually and go down his leg. This is consistent with the testimony of Mr. Mike Tamberella, the investigator who conducted the surveillance of Mr. Nolen while the films were being made. Mr. Tamberella testified Mr. Nolen told him, while operating his stump grinder, that his leg was numb and he had to sit down for a few minutes.
Evidence in the form of moving pictures must be used with great caution because such pictures show only intervals of the activities of the subject; they do not show rest periods, they do not reflect whether the subject is suffering pain, and they do not show the after effects of his activities. Gagliano v. Boh Bros. Const. Co., 44 So.2d 732 (La.App. 4th Cir.1950); Glover v. Southern Pipe Supply Co., 408 So.2d 352 (La.App. 4th Cir.1982). Therefore, although some inconsistencies may have been shown through the films, they do not totally dispute Mr. Nolen’s claim of disability and should not be given great weight.